```
┌─────────────────────────────────────────────────┐
│           NOT FOR PUBLICATION WITHOUT THE         │
│           APPROVAL OF THE APPELLATE DIVISION       │
│                                                     │
│  This opinion shall not "constitute precedent or be binding upon any court."  │
│  Although it is posted on the internet, this opinion is binding only on the   │
│    parties in the case and its use in other cases is limited. R.1:36-3.       │
└─────────────────────────────────────────────────┘
```

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3621-15T2

WELLS FARGO BANK, N.A.,

    Plaintiff-Appellant,

v.

NORTHERN EXECUTIVE MOTOR CLUB
LLC,

    Defendant,

and

NAVY FEDERAL CREDIT UNION,

    Defendant-Respondent.

_____

    Argued September 20, 2017 — Decided October 2, 2017

    Before Judges Fuentes, Koblitz and Suter.

    On appeal from Superior Court of New Jersey, Law Division, Essex County, Docket No. L-3722-15.

    Christine F. Marks argued the cause for appellant (Greenbaum, Rowe, Smith and Davis, LLP, attorneys; John D. North, of counsel and on the brief; Ms. Marks, on the brief).

    Peter G. Siachos argued the cause for respondent (Gordon & Rees, Scully Mansukhani, LLP, attorneys; Mr. Siachos and Matthew P. Gallo, on the brief).

PER CURIAM

Wells Fargo Bank, N.A. appeals from an August 7, 2015 order dismissing count five of its complaint, the only count against Navy Federal Credit Union (NFCU), for failure to state a claim upon which relief can be granted under Rule 4:6-2(e).  Wells Fargo also appeals from the October 9, 2015 order denying reconsideration.  Despite Rule 1:6-2, both motions were decided without granting oral argument, although it was requested and therefore required.  We now reverse after de novo review because the motion court's reasoning was in error.  The court did not consider a pertinent statute, N.J.S.A. 12A:4-205(a), and made a premature factual determination of a lack of "ordinary care."

Our review of a motion to dismiss on these grounds is de novo.  Smerling v. Harrah's Entm't, Inc., 389 N.J. Super. 181, 189 (App. Div. 2006).  We review the legal sufficiency of the facts alleged in the complaint with liberality, giving all reasonable inferences to the plaintiff.  Major v. Maguire, 224 N.J. 1, 26 (2016) (citing Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989)).

Wells Fargo deposited a check for $64,000 drawn on NFCU made payable to Jennifer Aldridge and Northern Executive Motor Club, LLC (Northern Executive) into Northern Executives' account at Wells Fargo on July 24, 2014.  The check had an indorsement from

Aldridge[1] but not Northern Executive.  The check was otherwise facially proper in all respects.

Wells Fargo subsequently honored checks drawn and allowed other withdrawals against the credit that was created by depositing the $64,000 check.  Six days after the check was deposited NFCU returned the check to Wells Fargo unpaid, based on the missing signature of Northern Executive, Wells Fargo's customer.  NFCU's failure to honor the check created an overdraft of $63,725.63, which was not paid by Northern Executive.

Wells Fargo's complaint alleged it was a holder in due course. The motion court reasoned:

> Wells Fargo is not a holder in due course.
> Wells Fargo failed to exercise ordinary care
> and that failure substantially contributed to
> the improper negotiation of the check.  Here
> the check lacked one of two required
> signatures.

The Uniform Commercial Code, however, as codified in the New Jersey statutes, accords holder in due course status to a bank that deposits a check into a customer's account even if not indorsed by the customer.  N.J.S.A. 12A:4-205 states:

> If a customer delivers an item to a depositary
> bank for collection:
>
> a.  the depositary bank becomes a holder of
> the item at the time it receives the item for
> collection if the customer at the time of

---

[1] This indorsement was later determined to be fraudulent. Aldridge was deceased.

delivery was a holder of the item, whether or not the customer indorses the item, and, if the bank satisfies the other requirements of [N.J.S.A.]12A:3-302, it is a holder in due course; and

b. the depositary bank warrants to collecting banks, the payor bank or other payor, and the drawer that the amount of the item was paid to the customer or deposited to the customer's account.

The other requirements of N.J.S.A. 12A:3-302 are not at issue here. Thus, pursuant to a New Jersey statute, the failure of Wells Fargo's customer, Northern Executive, to indorse the check does not prevent Wells Fargo from being a holder in due course.

The motion court's determination that Wells Fargo "failed to exercise ordinary care" is a factual determination that must abide a trial. It cannot be determined by the court based on the complaint alone. Oral argument might well have assisted the court in narrowing the issues and focusing on the appropriate statute. We reverse and remand for trial.

Reversed and remanded for further proceedings.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3621-15T2